No. 504 July 17, 2024 835

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of M. L. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. T.,
*Appellant.*

Curry County Circuit Court
23JU02037; A183269 (Control)

In the Matter of S. A. Z. J.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

S. T.,
*Appellant.*

Curry County Circuit Court
23JU02039; A183271

Cynthia Lynnae Beaman, Judge.

Submitted June 14, 2024.

Aron Perez-Selsky filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Emily N. Snook, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

Mother appeals a judgment terminating her parental rights to her two children. On appeal, mother raises two assignments of error, one with respect to each child, contending that the juvenile court erred in determining that termination of mother's parental rights was in the children's best interests. We review *de novo*, ORS 19.415(3)(a), ORS 419A.200(6), and affirm.

A parent's rights can be terminated only if the juvenile court determines that termination is in the best interests of the children. ORS 419B.500(1) ("The parental rights of the parents of a ward may be terminated *** only upon a petition filed by the state or the ward for the purpose of freeing the ward for adoption if the court finds it is in the best interests of the ward[.]"). We do not presume that adoption is in the best interests of the child in every case. *Dept. of Human Services v. T. M. D.*, 365 Or 143, 161-63, 166, 442 P3d 1100 (2019). Rather, we consider the needs and circumstances of the child to determine whether "the benefits to the child of ending the child's legal relationship with a parent outweigh the risk of harm posed to the child by severing that legal relationship." *Dept. of Human Services v. L. M. B.*, 321 Or App 50, 53, 515 P3d 927 (2022).

Here, mother argues that termination is not in the children's best interests, because they are attached to mother; mother was never violent toward the children and was herself a victim of domestic violence; mother engaged in services and has made progress toward being able to safely parent the children; and long-term stability could be achieved for the children through permanent guardianship instead of through adoption.

Having reviewed the record, we agree with the juvenile court that termination of mother's parental rights is in the children's best interests. In particular, we agree with the juvenile court that neither child has a strong attachment or bond to mother, and we are persuaded that the benefits of termination for these children outweigh the risk of harm.

Affirmed.